N. Douglas Grimwood, No. 003414
Helen Perry Grimwood, No. 006355
The Grimwood Law Firm plc
714 East Rose Lane
Suite 100
Phoenix, Arizona 85014-1960
(602) 265-4995
ndg@grimwoodlaw.com
hpg@grimwoodlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gayle Yungman,<br><br>   Plaintiff,<br><br>v.<br><br>Legend Aviation, L.L.C.,<br><br>   Defendant. | Cause No.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff Gayle Yungman and states for her Complaint as follows:

1. At all times relevant to these proceeding, Plaintiff has been a resident of Yavapai County, Arizona. Defendant Legend Aviation, L.L.C. has its principal business in Yavapai County, Arizona at which Plaintiff was employed.

2. Defendant employs more than 15 persons and otherwise meets the definition of "Employer" in Title VII of the Civil Rights Act of 1964 ("Act"). Plaintiff was an employee of Defendant protected by the Act.

3. In April 2009, Plaintiff discussed with Defendant's General Manager Jerry Lawyer the prospect of her being trained as a Fueler, a position which entails fueling and servicing airplanes. Mr. Lawyer denied her request, stating that women should not be doing work which would get them dirty and sweaty. Plaintiff was able to obtain the

training from others.

4.     Thereafter, Mr. Lawyer began to be substantially more critical of Plaintiff's work.  He began verbally berating her loudly, at length and in front of other personnel in a manner he had never done before.  On or about July 1, 2009, during a tirade against Plaintiff, Mr. Lawyer grabbed Plaintiff physically.

5.     By September 2009, Mr. Lawyer's tirades reached the point that co-employees commented that Mr. Lawyer's apparent intent was to get Plaintiff to quit her job.

6.     In September 2009, Mr. Lawyer repeatedly berated Plaintiff in meetings in front of other employees with no justification for doing so.  Plaintiff complained to Robert Beckley, the Station Manager for Legend Aviation and to Carole Brungraber, the head of Human Relations.  Mr. Beckley questioned Mr. Lawyer regarding the basis for his intimidating treatment of Plaintiff, and the lack of any realistic basis for his most recent outburst on September 21, 2009.  Mr. Lawyer acknowledged the merits of Mr. Beckley's position but responded that he (Mr. Lawyer) would be the judge of the discipline to be administered.

7.     On or about Friday, October 2, 2009, Plaintiff informed Mr. Beckley that her complaints about the harassment to the local personnel had done no good, so she intended to "go up the chain of command" and report the matter to the Owner, Leslie Woods.  Mr. Beckley concurred in her judgment in the matter.  Early on Monday, October 5, 2009, Plaintiff did contact Leslie Woods, the Owner of Defendant Legend Aviation, L.L.C. to report the pattern of unlawful harassment she had been receiving from Mr. Lawyer.

8.     Thereafter, later on Monday, October 5, 2009, Mr. Lawyer informed Carole Brungraber and Robert Beckley that Plaintiff had reported him to Leslie Woods for harassment, and he wanted her immediately terminated for having done so.  Mr. Lawyer

was told that his conduct was unwarranted and improper. The suggestion was made that Plaintiff be assigned to the Horizon office, where Mr. Lawyer would not have to deal with Plaintiff. Mr. Lawyer said he had to go over to the Horizon office on occasion, and there was no way he could have someone around who might accuse him of harassment. It was pointed out to Mr. Lawyer that it was unlawful to fire someone for making such a report. Mr. Lawyer responded that they had Atlas for that, and their lawyers could deal with any outcome of this. Mr. Lawyer instructed Carole Brungraber to terminate Plaintiff in a staff reduction, which was a false reason for the termination.

9. On October 6, 2009, Carole Brungraber, on behalf of Defendant Legend, terminated Plaintiff's employment.

10. On December 1, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

11. After conducting an investigation, on July 1, 2011, the EEOC issued a Letter of Determination finding "reasonable cause" to believe that unlawful discrimination had occurred by the Defendant against the Plaintiff. The EEOC invited the Defendant to reach a resolution of the matter through conciliation. Defendant refused to conciliate the matter.

12. On August 24, 2011, the EEOC issued to Plaintiff a "Right to Sue" Letter.

13. All jurisdictional requirements under Title VII of the Civil Rights Act of 1964 to the filing of this action have been met.

14. Plaintiff, a female, was treated differently than male employees in the terms and conditions of her employment by Defendant Legend Aviation, L.L.C. because of her gender. Among the examples of disparate treatment was the reluctance of Defendant's agents to permit her be employed as a Fueler because of her gender and its interference with her ability to perform that position. In addition, Defendant retaliated against her when she persevered in the position by singling her out for harsh, harassing

and disproportionate treatment for marginal or non-existent short-comings in her job performance.  Male employees whose infractions were much more severe received little or no discipline from Defendant.  Moreover, when Plaintiff complained about this pattern of unlawful treatment, Defendant immediately terminated her employment in retaliation for making the complaints, and gave her a false and pretextual reason for the termination.

15. As a result of the unlawful conduct of Defendant through its agents, Plaintiff has sustained substantial damages.

WHEREFORE, Plaintiff requests the following relief:

A. Backpay from the date of Plaintiff's unlawful termination until the date of judgment in this matter;

B. Any other lost pay and benefits, in an amount to be shown at trial.

C. Emotional distress damages for the period of her employment and for her period of unemployment;

D. Punitive damages for the outrageous conduct of Plaintiff's agents;

E. Interest on all lost pay and benefits at 10% per annum as provided by A.R.S. § 44-1201;

F. Attorneys fees incurred in this action pursuant to 42 U.S.C. § 2000e-5(k); and

G. Such other relief as this Court deems just.

DATED this 22nd day of November 2011.

                THE GRIMWOOD LAW FIRM plc

                By  /s/N. Douglas Grimwood
                    N. Douglas Grimwood
                    Helen Perry Grimwood
                    714 East Rose Lane, Suite 100
                    Phoenix, Arizona 85014-1960
                    (602) 265-4995

                    Attorneys for Plaintiff